UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| C.A.R.,<br><br>                              Petitioner,<br><br>              -v-<br><br>KENNETH GENALO, *et al.*,<br>                              Respondents. | 26-CV-4275 (JPO)<br><br>MEMORANDUM AND ORDER |

J. PAUL OETKEN, District Judge:

Petitioner C.A.R.,[1] a citizen and native of Mexico, was detained by Immigration and

Customs Enforcement ("ICE") on December 2, 2025, during a scheduled check-in.  (ECF No. 1

("Pet.") ¶¶ 20, 43.)  On May 21, 2026, C.A.R. filed a petition for a writ of habeas corpus under

28 U.S.C. § 2241, requesting release from ICE custody.  (Pet.)  The Court held a conference on

May 29, 2026, at which the Court granted the petition and ordered C.A.R.'s immediate release.

This Memorandum and Order sets forth the context and basis for that ruling.

I.      **Background**

C.A.R. entered the United States around 2006 and has resided in New York for the past

twenty years.  (ECF No. 1-1 ("Calderon Decl.") ¶¶ 3-4.)  C.A.R. suffers from diabetes and has

been diagnosed with mild neurocognitive disorder due to traumatic brain injury, major

depressive disorder, and generalized anxiety disorder.  (*Id.* ¶ 5.)  On January 25, 2020, C.A.R.

was detained by ICE and served with a Notice to Appear alleging that he was removable under

---

[1] C.A.R. separately moves to proceed using initials only and to redact certain identifying
information.  (ECF No. 4.)  Substantially for the reasons stated in C.A.R.'s accompanying
memorandum of law (ECF No. 5), the Court grants the motion.  *See A.J.M.C. v. Genalo*, No. 26-
CV-2717, 2026 WL 905649, at *1 (S.D.N.Y. Apr. 2, 2026) (granting a habeas petitioner's
motion to proceed under initials where petitioner has been seeking asylum in his removal
proceedings because "the public interest in learning his identity is low" and Respondents are not
prejudiced).

the Immigration and Nationality Act (the "INA").  (*Id.* ¶ 7.)  After the onset of the COVID-19 pandemic in spring of 2020, attorneys with The Legal Aid Society and the Bronx Defenders filed a petition for writ of habeas corpus for C.A.R. and other petitioners, alleging that medically vulnerable petitioners like C.A.R. were at imminent risk of severe illness or death.  (*Id.* ¶ 9.)  On April 12, 2020, Judge Arleo of the District of New Jersey granted a temporary restraining order that required C.A.R.'s release.  (*Id.* ¶ 11.)  C.A.R. has been on supervised release since then and has been enrolled in the Intensive Supervision Appearance Program ("ISAP").  (Pet. ¶¶ 29-31.)  On December 1, 2025, C.A.R. went to the ISAP office to fix the GPS watch that he was required to wear pursuant to the program.  (Calderon Decl. ¶ 21.)  C.A.R. was told to return the next day and was detained upon his return.  (*Id.* ¶ 24.)  He was transported to 26 Federal Plaza in Manhattan and later to the Orange County Jail in Goshen, New York, where he was held at the time that he filed this petition.  (*Id.*; Pet. ¶ 17.)

## II.    Discussion

Respondents concede that C.A.R. was initially detained and held under 8 U.S.C. § 1225(b)(2)(A).  (ECF No. 11 at 3.)  However, on April 28, 2026, the Second Circuit issued its decision in *Barbosa Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), which held that "Section 1225(b)(2)(A) does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Id.* at 69.  Instead, according to *Da Cunha*, Section 1226(a) "governs detention of [such] noncitizens." *Id*.  Respondents do not argue that C.A.R. can be properly detained under § 1225(b)(2)(A) following the Second Circuit's decision.  Instead, they argue that C.A.R. is now detained under 8 U.S.C. § 1226(a), and they provide in support a post hoc notice of custody determination issued by ICE a day after the present petition was filed.  (ECF No. 11 at 3; ECF No. 11-1.)

2

There is no dispute that C.A.R.'s detention was illegal at its inception. Respondents argue only that C.A.R. is now held under § 1226(a). (ECF No. 11 at 3.) As other courts have held, however, "Respondents' change in legal position, post-hoc rationalizations, and attempts to remedy do not vitiate an arrest and detention that was illegal from its inception." *Inestroza Carbajal v. Frazier*, No. 26-CV-2778, 2026 WL 1309265, at *5 (E.D.N.Y. May 12, 2026); *see also S.G.V. v. Genalo*, No. 26-CV-2893, 2026 WL 1492770, at *2 (E.D.N.Y. May 28, 2026) ("Respondent's proffered custody redetermination cannot cure the violation of Petitioner's due process rights at the time of arrest.").

Moreover, § 1226(a) "requires that the Government make an individualized determination based on (1) whether the noncitizen is a 'danger to property or persons' and (2) whether the noncitizen is 'likely to appear for any future proceeding' before detaining him." *Silva Rueda v. Catletti*, No. 26-CV-2977, 2026 WL 1194956, at *3 (S.D.N.Y. May 1, 2026) (quoting 8 C.F.R. § 1236.1(c)(8)). There is no indication that Respondents made the requisite determination under § 1226(a). Respondents obliquely suggest that they made an individualized determination as to C.A.R.'s detention because they based the decision on his purported violations of his prior conditions of release. (ECF No. 11 at 3.) However, Respondents do not offer any evidence to rebut C.A.R.'s contention that he had not missed any check-ins or home visits. (*See* Calderon Decl. ¶ 26.) In any event, Respondents have not argued, let alone demonstrated, that any purported violations factored into an individualized determination that C.A.R. is a danger to property or persons or that he is unlikely to appear for future proceedings. *See Silva Rueda*, 2026 WL 1194956, at *4. Perhaps for these reasons, Respondents do not argue that C.A.R.'s petition should be denied. Instead, they argue only that the proper remedy is a bond hearing, rather than release. (ECF No. 11 at 3.)

This Court has previously held that, where a petitioner is detained under § 1226(a) and where there is no evidence of a sufficient individualized assessment, the petitioner's detention violates the Due Process Clause.  *Yang v. Almodovar*, No. 25-CV-10265, 2025 WL 3678644, at *2 (S.D.N.Y. Dec. 18, 2025).  Because C.A.R.'s detention falls under that category, his detention violates his due process rights.  *Id.*; *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *Tumba Huamani v. Francis*, 813 F. Supp. 3d 394, 407 (S.D.N.Y. 2025).  Additionally, this Court has previously rejected the argument that a burden-shifted bond hearing is a suitable remedy in the face of such a due process violation.  *Yang*, 2025 WL 3678644, at *2 (collecting cases).  "[A] bond hearing [cannot] retrospectively cure the due process violation, which derived from [Petitioner's] unlawful arrest and detention without the statutorily required exercise of discretion."  *Yao v. Almodovar*, 813 F. Supp. 3d 461, 476-77 (S.D.N.Y. 2025).  "[T]he harm began when Petitioner was detained without process and continues with each day he remains in custody," and "[t]hus, Respondents must release [him] from detention."  *Han v. Noem*, No. 25-CV-10753, 2026 WL 322963, at *8 (S.D.N.Y. Feb. 6, 2026).

## III.    Conclusion

For the foregoing reasons, the Court granted the petition.  Respondents were ordered to effectuate C.A.R.'s immediate release.

Respondents are FURTHER ORDERED to return to C.A.R. any and all funds or property seized from him at the time of his arrest, and to certify compliance with the Court's oral order by filing an entry on the docket no later than 5:00 p.m. on June 1, 2026, and to notify C.A.R.'s counsel of where and when C.A.R. will be released.

Respondents did not address C.A.R.'s request for attorney's fees and costs pursuant to the Equal Access to Justice Act as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.  If C.A.R. still

intends on seeking such relief, he may file a status letter proposing a briefing schedule for any application for attorneys' fees and costs by June 30, 2026.

     SO ORDERED.

Dated: May 29, 2026
      New York, New York

_____
          J. PAUL OETKEN
       United States District Judge